# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL MCKINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-00365-PRW |
| ) | |
| COMMUNITY HEALTH SYSTEMS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff, Michael McKinney, filed a putative class action in the District Court for Kay County. Defendant Community Health Systems, Inc. then removed the action to this Court pursuant to the Class Action Fairness Act.[1] Now, Plaintiff seeks to have this case remanded back to state court pursuant to the Class Action Fairness Act's "local controversy" exception, found in 28 U.S.C. § 1332(d)(4)(A). In opposition, Defendant Kay County Oklahoma Hospital Company LLC[2] argues that remand is improper because the class definition does not meet the strict requirements of that exception. For the reasons that follow, the Court denies Plaintiff's Motion to Remand (Dkt. 20).

---

[1] *See* 28 U.S.C. §§ 1332(d), 1453.

[2] Defendant Kay County Oklahoma Hospital Company LLC is the sole defendant remaining in this action. *See* Pl.'s Third Am. Compl. (Dkt. 30) ¶ 2. As such, when the Court refers to "Defendant," it is referring to Kay County Oklahoma Hospital Company LLC.

*Background*

At the time of removal, the operative complaint defined the putative class as follows:

> **All people in the State of Oklahoma** who, from October 21, 2014, to the present who were/are beneficiaries of an insurance plan from which AllianceHealth had agreed to accept as full payment a reduced fee for services but from whom AllianceHealth demanded and who eventually paid AllianceHealth more than the agreed to reduced fee[; and]
>
> **All people in the State of Oklahoma** who, from October 21, 2014, to the present who were/are beneficiaries of an insurance plan from which AllianceHealth had agreed to accept as full payment a reduced fee for services but who AllianceHealth is now demanding full payment.[3]

On October 9, 2020, the Court held a hearing to determine whether this class definition met the relevant parameters of the "local controversy" exception. Plaintiff argued that the class definition, as it was, met the specifications of the "local controversy" exception, but nevertheless offered to file an amended complaint resolving any unintentional ambiguity. At the conclusion of the hearing, the Court invited Plaintiff to make that clarification but also ordered, in anticipation of that forthcoming amendment, supplemental briefing on the question of whether the Court must decide the propriety of remand pursuant to the "local controversy" exception by reference to the operative complaint at the time of removal or the operative complaint at the time of the decision.[4]

---

[3] Am. Pet. (Dkt. 1, Ex. 2) ¶ 24 (emphasis added).

[4] Plaintiff makes arguments beyond this scope, including arguments as to the timeliness of the removal. *See* Pl.'s Suppl. Reply to Def.'s Suppl. Resp. to Pl.'s Mot. to Remand (Dkt. 33) at 4. Because these arguments go beyond the scope of the Court's order for supplemental briefing, and because Defendant did not have an opportunity to respond, the Court will not consider them.

Plaintiff filed his Third Amended Complaint (Dkt. 30) a week later. The Third Amended Complaint set forth this revised class definition:

> **Citizens of Oklahoma** who, from October 21, 2014 to the present, were/are beneficiaries of an insurance plan from which Defendants had agreed to accept as full payment a reduced fee for services but from whom Alliance demanded and who eventually paid Defendants more than the agreed to reduced fee[; and]
>
> **Citizens of Oklahoma** who, from October 21, 2014 to the present, were/are beneficiaries of an insurance plan from which Defendants agreed to accept as full payment a reduced fee for services but who now Defendant(s) are demanding full payment.[5]

With the Parties' respective supplemental briefs filed, this dispute is ready to be resolved.

### *Legal Standard*

The local controversy exception of the Class Action Fairness Act provides that a federal court "shall decline" jurisdiction where: (1) more than two-thirds of the class members are citizens of the state where the action is filed; (2) plaintiffs seek "significant relief" from at least one local defendant who is a citizen of the state and whose alleged conduct forms a "significant basis" for the claims asserted; (3) the "principal injuries" were incurred in the state; and (4) no other class action "has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other

---

[5] Third Am. Compl. (Dkt. 30) ¶ 21 (emphasis added).

persons" in the three years prior.[6] While all four prongs must be satisfied,[7] the present dispute turns on the first.

To show that "more than two-thirds of the class members are citizens of the state where the action is filed," a plaintiff must either (1) present evidence establishing the two-thirds threshold or (2) show that the class, as defined in the petition, is unambiguously limited to citizens of the state.[8] Plaintiff, in this case, relies on the latter, arguing that the class definition unambiguously limits the class to citizens of Oklahoma.

## *Discussion*

Plaintiff has propounded two class definitions over the course of this litigation, one at the inception of the case and the other during the pendency of the instant motion. As a threshold matter, then, the Court must determine which of these definitions is controlling for present purposes; that is, whether the propriety of remand pursuant to the Class Action Fairness Act's "local controversy" exception turns on the operative complaint at the time of removal or on the operative complaint at the time of decision. If it turns on the operative complaint at the time of decision, then the class definition undoubtedly passes muster; but if it turns on the operative complaint at the time of removal, then a more nuanced analysis will be necessary under these facts.

Defendant argues that the operative complaint at the time of removal is determinative. In support, Defendant directs the Court to the Tenth Circuit's decision in

---

[6] 28 U.S.C. § 1332(d)(4)(A).

[7] *Dutcher v. Matheson*, 840 F.3d 1183, 1190–91 (10th Cir. 2016).

[8] *See Reece v. AES Corp.*, 638 F. App'x 755, 769 (10th Cir. 2016).

*Reece v. AES Corp.*[9] In *Reece*, the plaintiffs "offered . . . to modify the class definition to limit the class to 'residents and/or property owners *that are citizens* of the State of Oklahoma,'" with the italicized language as the proposed revision.[10] The Tenth Circuit observed that "[a]lthough this class definition might have been effective if employed when the case was first filed, post-removal amendments are ineffective to divest a federal court of jurisdiction."[11]

Plaintiff, meanwhile, asserts that the operative complaint at the time of decision is determinative. He tries to distinguish his case from *Reece* by arguing that, unlike the proposed amendment in *Reece*, he filed the Third Amended Complaint not to narrow the definition of the class to divest the Court of jurisdiction, but to clarify that the definition includes only citizens of Oklahoma. In other words, in his view, his amendment sought only to make clear what has always been true—that the class definition is limited to citizens of Oklahoma. His argument is at odds with precedent and logic.

As to precedent, *Reece* must at a minimum stand for the proposition that a post-removal addition of "citizens of" to a class definition is ineffective to remediate that class definition for purposes of the "local controversy" exception—this precise situation. As to logic, if the amendment affected only form and not substance, then whether the Court considered the operative complaint at the time of removal or the operative complaint at the time of the instant decision would not matter because, in either case, the result would be

---

[9] *Reece v. AES Corp.*, 638 F. App'x 755 (10th Cir. 2016).

[10] *Id.* at 775.

[11] *Id.*

the same. And if that is true, then Defendant should have no objection to the Court considering the operative complaint at the time of removal in the first place. For these reasons, the Court concludes that the class definition as set forth by the operative complaint at the time of removal is determinative for present purposes.

On that score, Plaintiff maintains that the class definition as stated in the operative complaint at the time of removal is unambiguously limited to citizens of Oklahoma. The Court disagrees. "[A] person is a citizen of a state if the person is domiciled in that state."[12] "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely."[13] The class as defined at the time of removal begins with "[a]ll people in the State of Oklahoma." But "[a]ll people in the State of Oklahoma" includes, for example, a motorist that is simply passing through Oklahoma on his way to another state. Such an individual certainly cannot be said to "reside" in Oklahoma, much less to "intend to remain" in the state, and therefore cannot be said to be a citizen for jurisdictional purposes. And because the class as defined conceivably includes non-citizens, like our hypothetical out-of-state motorist in the example above, the class is not unambiguously limited to citizens, as it must be to fall within the "local controversy" exception of the Class Action Fairness Act.

Plaintiff responds that this line of reasoning inappropriately ignores critical context. In his view, to determine whether the class definition satisfies the first criterion of the "local

---

[12] *Id.* at 769 (citation omitted).

[13] *Id.* (citation omitted).

controversy" exception, the Court must consider the relevant complaint as a whole. When the complaint at issue here is considered as a whole, Plaintiff continues, the class definition is shown to be unambiguously limited to citizens of Oklahoma. In particular, Plaintiff points to a passage that reads: "It is believed by the Plaintiff that during the class period Defendant's refusal to submit Claims for payment under previously agreed to preferred provider rates **has affected many Oklahoma citizens**."[14]

Even if the Court were to embrace this totality-of-the-complaint approach, which itself seems to be somewhat in tension with the requirement that the class definition be unambiguous, the Court disagrees with Plaintiff's conclusion. Read in context, the sentence that Plaintiff relies on to supply the "citizenship" qualification reads more as an effort to communicate the general significance of the action than an effort to limit the comprehensive and delineated class definition appearing several paragraphs earlier. In sum, even considering the formal class definition in light of other language in the relevant complaint, Plaintiff's class definition is not unambiguously limited to citizens of Oklahoma.

*Conclusion*

To require remand pursuant to the "local controversy" exception of the Class Act Fairness Act, Plaintiff must show, among other things, that "more than two-thirds of the class members are citizens of the state where the action is filed." Plaintiff sought to establish this by showing that the class, as defined in the operative complaint at the time of

---

[14] Am. Pet. (Dkt. 1, Ex. 2) ¶ 28 (emphasis added).

removal, is unambiguously limited to citizens of Oklahoma. But because Plaintiff failed to do so, the Court **DENIES** Plaintiff's Motion to Remand (Dkt. 20).

    **IT IS SO ORDERED** this 23rd day of November, 2020.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE